IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL STEVEN HERNANDEZ,

    Petitioner,

    v.                                                   CASE NO. 20-3309-SAC

STATE OF KANSAS,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On April 16, 2021, the Court directed Petitioner to show cause why his petition should not be dismissed due to his failure to commence this action within the one-year limitation period. (ECF No. 6.) Petitioner filed his response on April 30, 2021. (ECF No. 7.) Having reviewed the response, the Court finds that Petitioner has not shown good cause why his petition should not be dismissed as untimely.

**Background**

A jury convicted Petitioner in 2012 of aggravated robbery and intimidation of a victim. *See State v. Hernandez*, Case No. 2011–CR–377 (Finney County District Court). The district court imposed a sentence of 233 months. *Id*. Petitioner appealed, and the Kansas Court of Appeals affirmed both the convictions and the sentences on September 27, 2013. *State v. Hernandez*, No. 107,750, 309 P.3d 974 (Kan. App. Sept. 27, 2013). The Kansas Supreme Court denied review on June 17, 2014.

Petitioner filed a state habeas action under K.S.A. 60-1507 on May 18, 2015, which was summarily dismissed on July 28, 2015. *Hernandez v. State*, Case No. 2015-CV-74 (Finney County District Court). Petitioner filed a notice of appeal on October 2, 2015, and the Kansas Court of Appeals remanded his case to the district court to determine whether an exception to the

1

requirement of a timely notice of appeal applied. *Hernandez v. State*, Case No. 117,179, 413 P.3d 802 (Table), 2018 WL 1247383, *1 (Kan. App. Mar. 9, 2018), *rev. denied* (October 30, 2018). The district court found no exception applied, making Hernandez's appeal untimely. The Kansas Court of Appeals agreed and dismissed his appeal on March 9, 2018 as being filed out of time. *Id.* at *3. The Kansas Supreme Court denied review.

Petitioner filed a second state habeas petition on April 18, 2018, which was dismissed on June 21, 2018 as untimely. *Hernandez v. State*, Case No. 2018-CV-53 (Finney County District Court). Finding no manifest injustice, the Kansas Court of Appeals affirmed the dismissal on December 6, 2019, and the Kansas Supreme Court denied review on July 28, 2020. *Hernandez v. State*, No. 119,935, 453 P.3d 369, 2019 WL 6646414 (Kan. App. Dec. 6, 2019), *rev. denied* (July 28, 2020). Petitioner filed the instant § 2254 petition in this Court on December 14, 2020. (ECF No. 1.)

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). As relevant here, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As explained in the Court's show-cause order, Petitioner's limitation period began to run on approximately September 16, 2014, and ran until he filed his first state habeas action on May 18, 2015. Thus, approximately 244 days ran prior to his first state habeas action, leaving 121 days remaining.

The show-cause order mistakenly found that the limitations period was tolled until the Kansas Supreme Court denied review in Petitioner's first state habeas action. However, the

Kansas Court of Appeals found that Petitioner's appeal of the district court's decision was not timely filed.  Where an action has been rejected as untimely, it does not qualify as a "properly filed" application for State post-conviction relief within the meaning of 28 U.S.C. § 2244(d)(2) and does not, therefore, toll the one-year statute of limitations for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

The show-cause order also mistakenly found that the limitations period was tolled during the period Petitioner's second state habeas action was pending.  This is incorrect because the second state habeas action was filed out of time and therefore also not "properly filed" such that it tolled the limitation period here.

As a result, Petitioner's one-year limitations period expired 151 days after July 28, 2015, the date the state district court rejected his first state habeas action (the 30 days he had to file a timely appeal to the Kansas Court of Appeals plus the remaining 121 days of the limitation period).

In his response to the Court's show-cause order, Petitioner argues for equitable tolling.  He states COVID restrictions starting in July of 2020 resulted in repeated quarantines and transfers, as well as a severe reduction of law library access.  He points out that "[i]n spite of a global pandemic, quarantine lockdown, and numerous facility transfers" (ECF No. 9, at 1), he only missed the deadline by 18 days.

However, as explained above, the Court finds that Petitioner did not in fact only miss the deadline by 18 days.  Rather, because Petitioner's appeal of the district court's denial of his first state habeas action was filed out of time and because his second state habeas action was found to be untimely, neither qualify as a properly filed application for State post-conviction relief within the meaning of § 2244(d)(2) and neither tolled the statute of limitations.

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted).  Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Such circumstances include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). An attorney's misconduct or "egregious behavior" also may warrant equitable tolling, see *Holland v. Florida*, 560 U.S. 631, 651 (2010), but "[s]imple excusable neglect is not sufficient," see *Gibson*, 232 F.3d at 808 (citation omitted).

The Court has reviewed Petitioner's response and finds that it does not establish that that Petitioner's failure to timely file a § 2254 petition was caused by extraordinary circumstances beyond his control.  Petitioner's response discusses events that occurred outside the time in which Petitioner could have filed a timely § 2254 petition.  None of Petitioner's allegations establish that he was prevented from filing a timely § 2254 petition in this Court.

Petitioner's conviction became final in 2014, but he did not file the present § 2254 petition until 2020, well outside the one-year limitation period.  He has failed to show the type of rare and exceptional circumstances that warrant equitable tolling.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Petition is dismissed for failure to commence this action within the one-year limitation period.

**IT IS FURTHER ORDERED** that no Certificate of Appealability will issue.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF Nos. 3, 4) is granted.

**IT IS FURTHER ORDERED** that Petitioner's motion for enbanc (ECF No. 2) is denied as moot.

**IT IS SO ORDERED**.

**Dated September 20, 2021, in Topeka, Kansas.**

> s/ Sam A. Crow
> **Sam A. Crow**
> **U.S. Senior District Judge**